# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **NATHAN M. FELTS,** ) | |
| ) | |
| Plaintiff, ) | Case No. 1:11CV00054 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | By: James P. Jones |
| **COMMISSIONER OF** ) | United States District Judge |
| **SOCIAL SECURITY** ) | |
| ) | |
| Defendant. ) | |

*Ginger J. Largen, Morefield & Largen, P.L.C., Abingdon, Virginia, for Plaintiff. Nora Koch, Acting Regional Chief Counsel, Region III, Donald K. Neely, Assistant Regional Counsel, and Kenneth DiVito, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security case, I vacate the decision of the Commissioner and remand the case for further consideration.

I

The plaintiff, Nathan M. Felts, filed this action challenging the final decision of the Commissioner of Social Security (the "Commissioner") denying his claim for disability insurance benefits ("DIB") pursuant to Title II of the Social Security

Act (the "Act"), 42 U.S.C.A. §§ 401-433 (West 2012). Jurisdiction of this court exists under 42 U.S.C.A. §§ 405(g).

Felts filed an application for DIB on July 3, 2007, claiming disability since June 19, 2007. His application was denied initially and upon reconsideration. Felts received a hearing before an administrative law judge ("ALJ") on January 5, 2009. The ALJ issued an unfavorable decision on May 13, 2009, concluding that Felts was not disabled. After the decision, Felts submitted certain additional evidence related primarily to his alleged mental impairment to the Social Security Administration's Appeals Council. The additional evidence consisted of (1) records of a mental health counselor, Lin Shaner; (2) Shaner's assessment of Felts's ability to perform work-related activities; and (3) updated medical records from the Department of Veterans' Affairs ("VA") Medical Center, including detailed notes from Felts's sessions with a psychology intern and a psychiatrist. The Appeals Council denied Felts's request for review of the ALJ's decision on June 27, 2011, and the ALJ's decision thus became the final decision of the Commissioner. *See* 20 C.F.R. § 404.981 (2011).

II

The issue before the court is whether the case should be remanded to the ALJ for further consideration in light of the additional evidence submitted to the

Commissioner after the ALJ's decision. This court is charged with reviewing the ALJ's decision, not that of the Appeals Council. *See McGinnis v. Astrue*, 709 F. Supp. 2d 468, 470 (W.D. Va. 2010). If substantial evidence supports the ALJ's findings and they were reached through application of the correct legal standard, then this court must affirm them. *Id.* at 470-71 (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In the present situation, where the Appeals Council considered additional evidence before denying Felts's request for review of the ALJ's decision, the court must "review the record as a whole, including the new evidence, in order to determine whether substantial evidence supports the Secretary's findings." *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991) (en banc). The court must carefully balance its duty to review the entire record with its obligation to refrain from making determinations of fact. *See McGinnis*, 709 F. Supp. 2d at 471 (citing *Davis v. Barnhart*, 392 F. Supp. 2d 747, 751 (W.D. Va. 2005)). The court should conduct a limited analysis of the additional evidence to

Case 1:11-cv-00054-JPJ-PMS   Document 18   Filed 05/19/12   Page 3 of 5   Pageid#: 547

assess whether the new evidence "'is contradictory, presents material competing testimony, or calls into doubt any decision grounded in the prior medical reports.'" *Id.* If the court determines that the additional evidence creates a conflict, then the case is remanded to the Commissioner to weigh and resolve the conflicting evidence. *Id.*

In this case, there was some evidence before the ALJ showing that Felts suffered from depression. (R. at 338-346, 359-61, 458-462.) The ALJ, however, appeared not to consider the effect of Felts's depression, or to consider it very little. The ALJ found that Felts had the severe impairment of degenerative disc disease without radiculopathy and his discussion of Felts's residual functional capacity is devoted to physical limitations and concerns. The ALJ impliedly found that the evidence of Felts's mental problems was insufficient to support a finding of a severe impairment. Further, the ALJ did not expressly consider how Felts's mental problems, whether a severe impairment or not, cumulatively affected Felts's ability to engage in substantial gainful activity. *See Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989) ("It is axiomatic that disability may result from a number of impairments which, taken separately, might not be disabling, but whose total effect, taken together, is to render claimant unable to engage in substantial gainful activity. . . . [T]he [Commissioner] must consider the combined effect of a claimant's impairments and not fragmentize them.").

The evidence submitted to the Appeals Council after the ALJ rendered his decision, however, indicates Felts has had significant and increasing problems with depression. There are several reports from different treatment providers, including a psychiatrist, diagnosing Felts with depression and anxiety. (R. at 410-419; 447-451; 435-442.) Whether these reports support a finding that Felts's depression and anxiety are severe impairments or whether they, in combination with his physical impairments, lead to a determination of disability, is a conclusion the ALJ must make. However, considering the evidence in the record as a whole, I find that there is not substantial evidence to support the final decision of the Commissioner.

III

For the foregoing reasons, a final judgment will be entered vacating the Commissioner's decision and remanding for further administrative proceedings.

DATED: May 19, 2012

/s/ James P. Jones
United States District Judge