# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **NATHAN M. FELTS**, | ) | |
| Plaintiff, | ) | Civil Action No. 1:11cv00054 |
| | ) | |
| v. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| | ) | |
| **CAROLYN W. COLVIN**,[1] | ) | |
| **Commissioner of Social Security**, | ) | By: Pamela Meade Sargent |
| Defendant. | ) | United States Magistrate Judge |

In this social security action, I am asked to rule on a motion for an attorney's fee, (Docket Item No. 20) ("the Motion"). This case is before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). As directed by the order of referral, the undersigned now submits the following report and recommended disposition.

Nathan M. Felts filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying his claim for a period of disability and disability insurance benefits, ("DIB"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. § 423. (West 2011). Jurisdiction of this court exists pursuant to 42 U.S.C. § 405(g). The Commissioner answered the suit, filing the administrative record. By order dated May 19, 2012, the court

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Federal Rules of Civil Procedure Rule 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit.

˘1˘

vacated and remanded the Commissioner's final decision denying benefits pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further consideration. (Docket Item No. 19.) Counsel for Felts now has filed a petition seeking approval of a fee of $865.25 for representing Felts in this court, pursuant to 42 U.S.C.A. § 406(b). (Docket Item No. 20.) The Commissioner has responded to the Motion, not objecting to the plaintiff's request for a fee or to the amount requested. (Docket Item No. 22.)

In proceedings under title II of the Act, the court is authorized to determine and allow a "reasonable [attorney's] fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C.A. § 406(b)(1)(A) (West 2011). The Fourth Circuit, construing the legislative history, has held that the 25 percent limit includes any separate fee authorized by the Commissioner for services rendered in the administrative proceedings. *See Morris v. Soc. Sec. Admin.,* 689 F.2d 495, 497 (4th Cir. 1982) (per curiam). According to counsel, the Social Security Administration already has awarded a fee in the amount of $6,000.00 for services rendered before it pursuant to 42 U.S.C.A. § 406(a).

The Supreme Court has held that a district court, in determining a fee under § 406(b)(1)(A), must consider the fee arrangement between the client and the attorney, including a contingency fee arrangement, as the first step in testing the requested fee for reasonableness. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 808 (2002). Felts's counsel has provided the court with a copy of an Attorney Fee Agreement signed by Felts on July 8, 2011, in which Felts agreed to pay counsel 25 percent of all past-due benefits if he won his case at the appeal level. Felts's counsel also has provided the court with a copy of the Social Security

Administration's May 19, 2013, Notice of Award, which states that Felts was owed $27,461.00 in past-due benefits and that it had withheld $6,865.25, or 25 percent, from those past-due benefits for payment of an attorney's fee. (Attachment B to Docket Item No. 20).

Also, in determining a reasonable fee, courts should consider whether counsel's actions contributed to a delay allowing an accumulation of past due benefits or whether the benefits awarded are large in comparison to the amount of time expended by the attorney. *See Gisbrecht*, 535 U.S. at 808. Furthermore, it appears proper for the court to consider the so-called "lodestar" method of fee determination, whereby a reasonable fee is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, to assess the reasonableness of the agreed fee. *See Gisbrecht*, 535 U.S. at 801-02 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) ("[t]he most useful starting point for [court determination of] the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"); *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). Also, the fee petitioner bears the burden of justifying a requested fee. *See Blum v. Stenson,* 465 U.S. 886, 896 n. 11 (1984).

In the present case, counsel has supplied an itemized accounting of the time spent in the proceedings in this court. However, plaintiff's counsel has not suggested an hourly rate for the work performed, nor has the Commissioner suggested what hourly rate would result in a proper fee. Counsel also has not divided the time expended into attorney time and nonattorney time. Dividing the requested $865.25 fee by 11.00 hours results in an hourly rate of $78.66.

The court further notes, however, that "it is not proper to award a full attorney rate for activities that should more effectively be performed by nonlawyers." *Chapman v. Astrue*, 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (citing *Spell v. McDaniel*, 824 F.2d 1380, 1401-02 (4th Cir. 1987)). Additionally, "purely clerical tasks are ordinarily part of a law office's overhead and should not be compensated for at all." *Chapman*, 2009 WL 3674009, at *1 (citing *Keith v. Volpe*, 644 F. Supp. 1312, 1316 (C.D. Cal. 1986)). In *Chapman*, this court found that it is proper to award a reduced hourly rate for nonattorney time spent "on the theory that their work contributed to their supervising attorney's work product, was traditionally done and billed by attorneys, and could be done effectively by nonattorneys under supervision for a lower rate, thereby lowering overall litigation costs." 2009 WL 3764009, at *1 (quoting *Cook v. Brown*, 68 F.3d 447, 453 (Fed. Cir. 1995)).

Keeping these principles in mind, an examination of the itemized record submitted by counsel in this case makes clear that some of the time should be reduced or eliminated. Additionally, there are other billed activities that would more appropriately have been included at a nonattorney rate or are excessive. Plaintiff's counsel has claimed 1.00 hour of attorney time for a conference with her client, which I find reasonable. Counsel also has claimed 1.00 hour of attorney time for drafting and filing the IFP Application and drafting and filing the Complaint, and counsel claims .25 hour of attorney time for reviewing the denial of the IFP Application. I will allow .50 hour of attorney time and .25 hour of paralegal time for these activities combined. Counsel also has claimed 1.00 hour of attorney time for a conference with her client and reviewing the case file, which I find reasonable. Counsel has claimed .25 hour of attorney time for paying the filing fee to the court, .25 hour of attorney time for reviewing the file and calling

the court and .25 hour of attorney time for reviewing correspondence from the court. I will allow .50 hour of attorney time and .25 hour of paralegal time for these activities. Counsel also has claimed .25 hour of attorney time for drafting and/or sending a letter to General Counsel by certified mail, .25 hour of attorney time for drafting and/or sending a letter to the Attorney General by certified mail and .25 hour of attorney time for drafting and/or sending a letter to the United States Attorney by certified mail. I will allow .25 hour of paralegal time for these activities combined. Counsel claims .25 hour of attorney time for reviewing the file and instructing staff, which I find reasonable. Counsel also claims .50 hour of attorney time for filing the certificate of service with the court. I will allow .25 hour of paralegal time for this. Counsel claims .25 hour of attorney time for reviewing the Answer from the United States Attorney, .25 hour of attorney time for reviewing the Magistrate Judge's Notice and Briefing Notice and .25 hour of attorney time for drafting and/or sending a letter to the court. I will allow .25 hour of attorney time and .25 hour of paralegal time for these activities combined. Counsel claims 3.5 hours of attorney time for reviewing the file, drafting the Motion for Summary Judgment and accompanying Brief and filing the same with the court. I will allow 2.5 hours of attorney time and 1.00 hour of paralegal time for these activities combined. Counsel claims .25 hour of attorney time for reviewing the Government's Summary Judgment Motion and accompanying Brief and .50 hour of attorney time for reviewing the file, preparing for and attending the oral argument, both of which I find reasonable. Lastly, counsel claims .50 hour of attorney time for reviewing the court's Opinion. I will allow .25 hour of attorney time for this activity, as the Opinion is a mere five pages in length.

Based on the revisions stated above, the fee computation is divisible into two categories of costs: attorney time and nonattorney time. There are a total of 7.00

hours of attorney time and a total of 2.25 hours of nonattorney time. This court has held that an award of $75 per hour is fair compensation under the circumstances for such nonattorney time. *See Chapman*, 2009 WL 3764009, at *2 (citing *Alexander S. v. Boyd*, 113 F.3d 1373, 1377 n.1 (4th Cir. 1997) (paralegal services compensated at $65 per hour where lead counsel compensated at $225 per hour and associate counsel at $100 per hour). That being the case, the nonattorney time charges in this case total $168.75. Subtracting this amount from the $865.25 fee requested, results in a remaining amount of $696.50. Dividing the $696.50 by the 7.00 hours of attorney time yields an hourly rate of approximately $99.50, which I find to be a reasonable hourly rate. That being the case, I recommend that the court award the requested attorney's fee in the amount of $865.25.

## RECOMMENDED DISPOSITION

For the foregoing reasons, I recommend that plaintiff's counsel be awarded an attorney's fee under 42 U.S.C. § 406(b) for representing Felts in this court. Therefore, I recommend that the court grant the Motion and enter judgment awarding the plaintiff's attorney a fee of $865.25.

### **Notice to Parties**

Notice is hereby given to the parties of the provisions of 28 U.S.C.A. § 636(b)(1)(C) (West 2006 & Supp. 2013):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review.  At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, United States District Judge.

DATED: October 24, 2013.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE